UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISO DIVSION

| | |
|---|---|
| IN RE: ) | |
| ROBERT RUSSELL DREW ) | |
| (PRO SE) ) | CASE.: |
| ) | |
| Plaintiff ) | COMPLAINT |
| ) | |
| CAPITAL ADVANCE SOLUTIONS LLC ) | |
| ) | Judge: |
| & ) | |
| ) | |
| *UNKNOWN INCORPORATED BUSINESS* ) | |
| *1 – 3* ) | |
| ) | |
| DEFENDANT(s) ) | |

## Nature of Action:
## FEDERAL CIVIL ACTION SEEKING DAMAGES

COMES NOW BEFORE THIS COURT, (PRO SE) Plaintiff, Robert Russell Drew, and for his

Complaint states as follows:

### Introduction

1. Comes now before this honorable court, Robert Russell Drew Pro Se Plaintiff.  Alleging multiple

private rights of action(s) claims IAW federal statute

### Parties

2. The plaintiff in this case, Robert Russell Drew (a nature person under the law) residing at 18

Hayford court, Novato, CA, 94949 at the time(s) of of the alleged incident(s).

3. The Defendant(s) Capital Advance Solutions LLC an incorporated business with its primary address of 1715 ST RT 35 suite 302, Middletown NJ 07748.  Also, included are Unknown incorporated businesses 1-3, subcontractors and or ex parte businesses directly linked with named defendant acting in concert with named defendant.  If and when those incorporated business are identified, the complaint will be amended to include said parties.

## JURISDICTION

4. This court has jurisdiction in the above stated complaint as it arises due to known violations of federal law, and in accordance with current practice, the venue of federal district court as a elected option is authorized.

## Venue

5. This venue ( San Francisco northern div ) is a correct venue as the plaintiff, during the times of all the alleged violations of law, he is claiming accrued while he resided w/in its preview.

## Factual Allegations

6. Beginning on January 2016, Defendant(s) contacted Plaintiff Robert Drew on Plaintiffs' cellular telephone number ending in 2227, in an attempt to solicit services.

7. When Plaintiff answered Defendant's calls, Defendant utilized an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A)

8. In these calls, the defendant via an automated recording, stated plaintiff was pre-approved for a business loan up to 250,000.00 dollars.  Press 1 to speak to a operator. Or press 5 to be removed from this list.

9. Defendant used an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a)(1) to place its call to Plaintiffs seeking to solicit its services.

10. Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

11. Defendant's calls were placed to telephone numbers assigned to cellular telephone services for which Plaintiffs incur a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

12. Plaintiffs are not customers of Defendant's services and have never provided any personal information, including their cellular telephone numbers, to Defendant for any purpose whatsoever. Accordingly, during all relevant times, Defendant did not possess Plaintiffs' "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on their cellular telephones pursuant to 47 U.S.C. § 227(b)(1)(A).

13. Defendant contacted the plaintiff on.:

   a. 20 January 2016;

   b. 22 January 2016;

   c. 28 January 2016;

   d. 11 February 2016;

   e. 23 February 2016;

   f. Although there are many more times, these are the only calls that can be substantiated.

## PRAYER FOR RELIF

### Count I – Violation of 47 U.S.C 227 et SEQ
### "TCPA"

14. The foregoing paragraphs 1 – 13 are incorporated herein by reference.

15. The defendant negligently and/or willfully contacted Plaintiff on Plaintiff's cellular telephone using an automated dialing system, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., (―TCPA), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal

knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation.

B. The TCPA was designed to prevent calls and text messages like the ones described above, and to protect the privacy of citizens. ―Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA. Mims v. Arrow Fin. Servs., LLC, 132 S. Ct. 740, 744 (2012). In enacting the TCPA,

C. Congress intended to give consumers a choice as to how corporate similar entities may contact them, and made specific findings that ―[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. In support of this, Congress found that [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

## COUNT II
## 47 CFR 64.1200 §64.1200

16. The foregoing paragraphs 1 – 13 are incorporated herein by reference.

17. No person or entity may contact: a. To any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

b. A person will not be liable for violating the prohibition in paragraph (a) of this section when the call is placed to a wireless number that has been ported from wireline service and such call is a voice call; not knowingly made to a wireless number; and made within 15 days of the porting of the number from wire line to wireless service, provided the number is not already on the national do-not call registry or caller's company-specific do-not-call list.

c. Initiate, or cause to be initiated, any telephone call that includes or introduces an advertisement or constitutes telemarketing, using an automatic telephone dialing system or an artificial or prerecorded voice, to any of the lines or telephone numbers described in paragraph (a) through (b) of this section, other than a call made with the prior express written consent of the called party or the prior express consent of the called party when the call is made by or on behalf of a tax-exempt nonprofit organization, or a call that delivers a "health care" message made by, or on behalf of, a "covered entity"

## **PRAYER FOR: Relief**

18. The foregoing paragraphs are incorporated herein by reference.

19. Defendant's conduct violated 47 U.S.C 227 et SEQ, Telephone Consumer Protection Act.

20. Defendant's conduct violated 47 CFR 64.1200.

21. WHEREFORE, the Plaintiff having set forth their claims for relief against the Defendant respectfully prays of the Court as follows:

    A. Plaintiff requests an Order declaring the Defendant guilty; and awarding Plaintiff damages of $5,000.00 pursuant to 47 U.S.C 227 et SEQ (5 counts contacting a cellular telephone number, 5 counts not stating name and or address during said call.

    B. Plaintiff requests an Order declaring the Defendant guilty; and awarding Plaintiff damages of $2,500.00 pursuant to 47 CFR 64.1200 ( 5 counts contacting a number on the national do not call list.)

Humbly Requested and Respectfully Submitted

*///SIGNED///*
*ROBERT RUSSELL DREW*
_____
ROBERT RUSSELL DREW
(PRO SE) Debtor/plaintiff
18 Hayford CT
Novato, CA.94949
Email: Drew3489@gmail.com